ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 4:22-CR-343-O |
| 2M SOLUTIONS INC. (01) | |

## PLEA AGREEMENT WITH WAIVER OF APPEAL

2M Solutions Inc., the defendant, the defendant's attorney, and the United States of America (the government) agree as follows:

1. **Rights of the defendant**: The defendant understands that the defendant has the rights:

    a.  to plead not guilty;

    b.  to have a trial by jury;

    c.  to have the defendant's guilt proven beyond a reasonable doubt;

    d.  to confront and cross-examine witnesses and to call witnesses in the defendant's defense; and

    e.  against compelled self-incrimination.

2. **Waiver of rights and plea of guilty**: The defendant waives these rights and pleads guilty to the offense alleged in Counts One and Two of the information, charging respectively violations of 18 U.S.C. §371, that is, conspiracy to defraud the United States and 13 U.S.C. §305(a)(1), that is, filing false or misleading export information. The defendant understands the nature and elements of the crimes to which

the defendant is pleading guilty and agrees that the factual resume the defendant has signed is true and will be submitted as evidence.

    3.    **Sentence**: The maximum penalties the Court can impose include:

<u>Count One</u>:

- a. A term of probation of not less than one (1) nor more than five (5) years;
- b. a fine not to exceed $500,000, or twice any pecuniary gain to the defendant or loss to the victim(s);
- d. a mandatory special assessment of $100;
- e. restitution to victims or to the community, which may be mandatory under the law, and which the defendant agrees will include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone;
- f. costs of incarceration and supervision; and
- g. forfeiture of property.

<u>Count Two</u>:

- h. A term of probation of not less than one (1) nor more than five (5) years;
- i. a fine not to exceed $500,000, or twice any pecuniary gain to the defendant or loss to the victim(s);
- j. a mandatory special assessment of $100;
- k. restitution to victims or to the community, which may be mandatory under the law, and which the defendant agrees will include

> > restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone;
>
> l.   costs of incarceration and supervision; and
>
> m.   forfeiture of property.

4.   **Mandatory special assessment**: Prior to sentencing, the defendant agrees to pay to the U.S. District Clerk the amount of $200 in satisfaction of the mandatory special assessment in this case.

5.   **Defendant's agreement**: The defendant shall give complete and truthful information and/or testimony concerning the defendant's participation in the offense of conviction. Upon demand, the defendant shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding the defendant's capacity to satisfy any fines or restitution. The defendant expressly authorizes the United States Attorney's Office to immediately obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court. The defendant fully understands that any financial obligation imposed by the Court, including a restitution order and/or the implementation of a fine, is due and payable immediately. In the event the Court imposes a schedule for payment of restitution, the defendant agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy the defendant's full and immediately enforceable financial obligation. The defendant understands that the defendant has a continuing

obligation to pay in full as soon as possible any financial obligation imposed by the Court.

6. **Restitution**: Pursuant to 18 U.S.C. Section 3663(a)(1)(A), the defendant agrees to pay restitution for losses resulting from all of the defendant's criminal conduct, including relevant conduct and other criminal conduct related or similar to the defendant's offense of conviction, as determined by the Court. The defendant understands that restitution will not be limited to losses stemming from the offense of conviction alone. The defendant agrees that the defendant shall be jointly and severable liable for payment of all restitution if other criminal defendants in this or related cases are ordered to pay restitution for the same losses.

7. **Government's agreement**: The government will not bring any additional charges against the defendant based upon the conduct underlying and related to the defendant's plea of guilty. The government will dismiss, after sentencing, any remaining charges in the pending information. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against the defendant or any property.

8. **Violation of agreement**: The defendant understands that if the defendant violates any provision of this agreement, or if the defendant's guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute the defendant for all offenses of which it has knowledge. In such event, the defendant waives any objections based upon delay in prosecution. If the plea is vacated

or withdrawn for any reason other than a finding that it was involuntary, the defendant also waives objection to the use against the defendant of any information or statements the defendant has provided to the government, and any resulting leads.

9. **Voluntary plea**: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

10. **Waiver of right to appeal or otherwise challenge sentence**: The defendant waives the defendant's rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal the conviction, sentence, fine and order of restitution or forfeiture in an amount to be determined by the district court. The defendant further waives the defendant's right to contest the conviction, sentence, fine and order of restitution or forfeiture in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. The defendant further waives the defendant's right to seek any future reduction in the defendant's sentence (e.g., based on a change in sentencing guidelines or statutory law). The defendant, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of the defendant's plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

11. **Representation of counsel**: The defendant has thoroughly reviewed all legal and factual aspects of this case with the defendant's attorney and is fully satisfied with that attorney's legal representation. The defendant has received from the

defendant's attorney explanations satisfactory to the defendant concerning each paragraph of this plea agreement, each of the defendant's rights affected by this agreement, and the alternatives available to the defendant other than entering into this agreement. Because the defendant concedes that the defendant is guilty, and after conferring with the defendant's attorney, the defendant has concluded that it is in the defendant's best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

[NOTHING FURTHER ON THIS PAGE]

12. **Entirety of agreement**: This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties. This agreement supersedes any and all other promises, representations, understandings, and agreements that are or were made between the parties at any time before the guilty plea is entered in court. No promises or representations have been made by the United States except as set forth in writing in this plea agreement.

AGREED TO AND SIGNED this 15th day of November, 2022.

CHAD E. MEACHAM
UNITED STATES ATTORNEY

_____
JAY WEIMER
Assistant United States Attorney
Texas State Bar No. 24013727
801 Cherry Street, Suite 1700
Fort Worth, Texas 76102
Telephone: 817-252-5200
jay.weimer@usdoj.gov

_____
ALEX LEWIS
Fort Worth Branch Chief

Plea Agreement—Page 7

I have read or had read to me this plea agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

_____   _11/11/2022_____
2M SOLUTIONS, INC.   Date
(by Suhaib Allababidi, President)
Defendant

I am the defendant's attorney. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge and belief, my client's decision to enter into this plea agreement is an informed and voluntary one.

_____   _11/11/2022_____
BRIAN POE   Date
Attorney for Defendant